UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL MORGENSTERN** | **CASE NO.  2:23-CV-01038** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K LAKE CHARLES L L C** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is "FRCP Rule 12(c) Motion for Judgment on the Pleadings" (Doc. 15) wherein Defendant, PNK Lake Charles LLC ("PNK") moves to dismiss the instant lawsuit.  PNK maintains that Plaintiff, Michael Morgenstern's lawsuit it prescribed pursuant to Louisiana Civil Code article 3492 one-year prescriptive period.

**INTRODUCTION**

The instant lawsuit involves an incident that occurred on June 15, 2019, at the L'Auberge Casino Resort in Lake Charles.[1] Due to the incident, Plaintiff seeks to recover personal injury damage for alleged negligence, battery, use of excessive force, false imprisonment, infliction of emotional distress, malicious, and violation of Louisiana Revised Statute 27:27.2.[2]

Plaintiff originally filed suit for this same incident in this Court on June 15, 2020.[3] That lawsuit was dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute on June 15, 2023.[4] The instant lawsuit was filed in state court just before the

---

[1] Doc. 14-3, ¶ 11.
[2] Doc. 14-3.
[3] Civ. Action 2:20-754, Doc. 1.
[4] Doc. 21, Civ. Action 2:20-754.

June 12, 2023 dismissal of the first lawsuit and then removed to this Court on August 4, 2023.[5]

## LAW AND ANALYSIS

Defendant moves to dismiss the instant lawsuit based on Louisiana's Civil Code article 3492 one-year prescriptive period. Defendant argues that Plaintiff's claims are prescribed on the face of the petition. As previously noted, Plaintiff originally filed suit in this Court on June 15, 2020, however, that lawsuit, which involved the same subject matter and claims was dismissed on June 15, 2023, for failure to prosecute based on Rule 41(b) of the Federal Rules of Civil Procedure.

Defendant maintains that the original filing did not interrupt prescription; Defendant argues that the second lawsuit removed to this Court on August 4, 2023, is well beyond the one-year prescriptive period and must be dismissed with prejudice. Defendant relies on *Reed v. City of Alexandria*, 2015 WL 1822383 (W.D. La. Apr. 21, 2015) wherein the court found that plaintiff's first filed suit that was dismissed for failure to comply with a court order pursuant to Rule 41(b) did not interrupt prescription. The second filed suit, filed after the prescriptive period was dismissed. Also, in *Green v. La. Dept. of Public Safety and Corrections,* the *Green* court noted that "[t]he jurisprudence clearly support that where there has been a Rule 41(b) dismissal for failure to prosecute, interruption of prescription will be considered never to have occurred pursuant to article 3463," 2007 WL 1805728, *2

---

[5] Doc. 14-3.

(W.D. La. 2007). Defendant argues that the June 12, 2023 filing, filed four (4) years after the June 15, 2019 incident is prescribed.

Plaintiff argues that this lawsuit is not prescribed because it was filed prior to the dismissal without prejudice of the first lawsuit. As argued by Defendant, the Louisiana Supreme Court has rejected this argument. In *Sims v. Am. Ins. Co.*, the Louisiana Supreme Court explained that the language in Louisiana Civil Code article 3463 "[i]nterruption is considered never to have occurred if the plaintiff abandons, …, or fails to prosecute the suit at the trial" applies "regardless of whether the first suit is still pending at the time the second suit if filed." 101 So.3d 1, 10-11, (La. 10/16/12). The Louisiana Supreme Court explained as follows:

> In our interpretation of La. C.C. art. 3463, we apply the general rules of statutory interpretation which provide that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. This statute could not be clearer: "Interruption of prescription is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, ..." **Because interruption is considered never to have occurred, that means the second suit was never interrupted, and it does not matter when the second suit was filed.** This holding is in line with two recent cases from the First Circuit, both of which held that prescription was not interrupted where the second suit was filed when the first, but later dismissed, suit was still pending.

*Id.* at 7. (emphasis added internal citations omitted); see also *Ferrell v. Wal-Mart Louisiana, LLC*, 2014 WL 7278696 (La. App. 1 Cir. 12/23/14), *writ denied*, 168 So.3d 397 (La. 4/17/15) (citing *Sims*).

Here, the first suit was dismissed without prejudice on June 12, 2023, and this suit was filed on or about June 12, 2023,[6] nearly four years after the June 15, 2019 incident that is the subject of this lawsuit. The Louisiana Supreme Court has spoken as noted herein that an interruption is considered never to have occurred, meaning the second suit was never interrupted, and it does not matter when the second suit was filed.

## **CONCLUSION**

For the reasons set forth herein, the Court will grant Defendant's FRCP Rule 12(c) Motion for Judgment on the Pleadings (Doc. 15) and dismiss this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers this 21st day of November, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[6] Doc. 14-3, ID#91.